Mr. Ron Oliver, Chairman Pulaski County Election Commission 201 South Broadway, Suite 360 Little Rock, Arkansas 72201
Dear Mr. Oliver:
This is in response to your request for an opinion on whether a runoff election is required for the office of Little Rock Municipal Judge, Third Division, since there were three candidates for the position and since no candidate received a majority of the votes cast for the office at the general election held on November 8, 1994. In your correspondence, you specifically reference A.C.A. § 7-5-106, relating to runoff elections for county and municipal officers, and A.C.A. §§14-61-112 and 16-17-208. You also note that you have "conflicting information about the form of government in Little Rock."
With respect to your question, it is my opinion that a runoff election is neither required nor authorized in this instance. The candidate who received the greatest number of votes (i.e. a plurality of the votes) for the position on November 8, 1994 was, therefore, elected to the office.
Arkansas Code Annotated § 7-5-106 (Repl. 1993), as referenced in your request, provides in pertinent part:
 (a) Whenever there are more than two (2) candidates for election to any county elected office, including the office of justice of the peace, or for any municipal office at any general election held in this state, and no candidate for the municipal or county office receives a majority of the votes cast for the office, there shall be a runoff general election held in that county or municipality two (2) weeks[1]
following the date of the general election at which the names of the two (2) candidates receiving the highest number of votes, but not a majority, shall be placed on the ballot to be voted upon by the qualified electors of the county or the municipality, as the case may be. The person receiving the majority of the votes cast for the office at the runoff general election shall be declared elected. . . .
Subsection (b) of A.C.A. § 7-5-106 provides, however, that the term "municipal officers," as appears in subsection (a) of the statute (set forth above), "shall not include officers of cities having a city manager form of government." Subsection (b) further provides that the provisions of A.C.A. § 7-5-106 "shall not be applicable to election of members of the boards of directors and other officials of cities having a city manager form of government." Since Little Rock has a management form of city government,[2] the provisions of A.C.A. § 7-5-106 do not apply in this instance. Accordingly, no runoff election is required pursuant to that statute for the judgeship about which you inquire.
My research has also not yielded any other statutes which would require or authorize a runoff election in this case. In fact, the applicable statutes make clear that the candidate who received a plurality of the votes cast for the judgeship on November 8 is the duly elected officer. Arkansas Code Annotated § 16-17-208
(Repl. 1994), which is cited in your request and which pertains to election of judges in cities having a management form of government, provides in pertinent part:
 (a) Any city in this state having a city manager form of government which adopts an ordinance for the purpose shall, upon adoption thereof, provide for the election of the municipal judges of the city at the biennial general election held in even-numbered years.
 (b) In the event such an ordinance is adopted pursuant to this section, the judges of the municipal court of the city shall be elected for a term of four (4) years, with the applicable provisions of §§ 14-47-109 and 14-47-110 to be followed in qualifying for and in conducting the election for the office.
* * * *
It is thus necessary to turn to §§ 14-47-109 and 14-47-110 (Cum. Supp. 1993), as cited above in subsection (b), in order to determine the manner in which such elections are to be held. Provisions in both of those statutes provide that the candidate who "shall receive votes greater in number than those cast in favor of any other candidate for the position shall be deemed to be elected." See A.C.A. §§ 14-47-109(c) and 14-47-110(a)(4) (Cum. Supp. 1993). Thus, under these statutes (which apply, pursuant to § 16-17-208, to election of judges in cities having management form of government), if there are three candidates, the one receiving the most votes is deemed to be elected. There is neither a majority vote requirement under these statutes nor any provision regarding runoff elections. As such, it is my opinion that the candidate who received the most votes cast for the office of Little Rock Municipal Judge, Third Division, on November 8, 1994 should be deemed elected to the position.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] This "two-week" requirement has been impliedly amended by Section 3 of Act 966 of 1993, which is codified at A.C.A. §7-5-108 (Repl. 1993) and which provides: "Notwithstanding any other law to the contrary all runoff elections after August 13, 1993, shall occur three (3) weeks after the election which necessitates the runoff election." See generally Op. Att'y Gen. Nos. 94-016 and 94-011.
[2] Although you state in your request that there is "conflicting information" about the form of government in Little Rock, it is my opinion there is no issue in this regard. While the election of the directors has been changed and a mayor is now elected at-large, this change did not affect the form of government under which the city operates. Little Rock continues to have a management form of city government.